```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              FRANKFORT

COMMONWEALTH OF KENTUCKY,        )
                                 )
      Plaintiff,                 )   Civil Action No. 3:05-38-JMH
                                 )
v.                               )
                                 )   MEMORANDUM OPINION AND ORDER
CHINA TOBACCO ANYANG CIGARETTE   )
FACTORY,                         )
                                 )
      Defendant.                 )
```

                    **   **   **   **   **

This matter is before the Court on Plaintiff's motion to remand [Record No. 5]. Defendant filed a response to the motion to remand [Record No. 11] to which Plaintiff replied [Record No. 12]. Also before the Court is Defendant's request for oral argument [Record No. 13] to which Plaintiff responded [Record No. 14]. Having determined that oral argument on this matter is unnecessary and that Plaintiff's motion to remand is now ripe for decision, the Court addresses the merits of said motion at this time.

### BACKGROUND

Plaintiff brings this action pursuant to KRS § 131.602(3) to secure injunctions and recover penalties against Defendant, a tobacco product manufacturer, for allegedly failing to comply with the dictates of KRS § 131.602. The statute requires all cigarette manufacturers whose products are sold in the Commonwealth of Kentucky and who do not opt to participate in the "Master Settlement Agreement" to deposit into escrow an amount equal to approximately $4.00 per carton of their cigarettes sold in

Kentucky. Plaintiff asserts the instant cause of action, alleging that Defendant has failed to comply with its escrow obligations.

Also pending in this Court is a separate, but related cause of action — *Tritent Int'l Corp. DWI, LLC v. Commonwealth of Kentucky*, Frankfort Civil Action No. 04-67 ("*Tritent*"). In such case, the Plaintiffs allege that the Kentucky Master Settlement Agreement statutes ("MSA statutes") per se violate federal antitrust laws.

## DISCUSSION

Initially, it merits mentioning that Defendant removed this cause of action to federal court on *diversity jurisdiction* grounds. However, after Plaintiff argued that the diversity requirements were not met in the motion to remand, Defendant seemingly abandoned "diversity jurisdiction" as its argument for removal. As such, the Court need not address the diversity requirements. On that note, however, Plaintiff argues in its reply that the Court should restrict Defendant's argument to that originally contained in the Notice of Removal — a diversity jurisdiction, and not a federal question jurisdiction, argument. However, because the Court finds that this case does not satisfy the federal question requirements as described below, the Court need not address the question of whether Defendant should be precluded from arguing federal question jurisdiction in response to Plaintiff's motion to remand.

Generally, a civil case brought in state court may be removed to federal court if the federal court would have had original

jurisdiction over the case. 28 U.S.C. § 1441(a). Federal question jurisdiction may be invoked in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, federal question jurisdiction is invoked "by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, --- U.S. ---, 125 S. Ct. 2363, 2366 (2005). On the other hand, the Supreme Court recognizes "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" wherein the Court finds federal question jurisdiction over "state-law claims that implicate significant federal issues." *Id.* at 2366-67.

Without question, a Defendant may not rely on a *defense* arising under federal law as grounds for removal. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005). As the court in *Roddy* recognized, "'a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Moreover, "if the plaintiff chooses to bring a state law claim, that claim cannot generally be 'recharacterized' as a federal claim for the purpose of removal." *Id.*

In this case, Defendant argues that because the *Tritent* case

3

raises the question of whether the MSA statutes violate federal antitrust laws, this case likewise arises under federal law. In other words, according to Defendant, because the ultimate resolution of the antitrust issue in the *Tritent* case will affect the Commonwealth's ability to collect damages arising out of Defendant's alleged failure to comply with the MSA statutes, then this case raises substantial questions of federal law.

The Sixth Circuit has stated that "a federal question may arise out of a state law case or controversy if the plaintiff asserts a federal right that 1) involves a substantial question of federal law; 2) is framed in terms of state law; and 3) requires interpretation of federal law to resolve the case." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 595 (6th Cir. 2004), *aff'd* --- U.S. ---, 125 S. Ct. 2363, 2366 (2005). In *Grable & Sons*, the plaintiff brought a quiet title action alleging that the defendant's quitclaim deed was invalid because the plaintiff was not afforded proper notice under 26 U.S.C. § 6335(a). *Id.* at 594. The Sixth Circuit found that federal question jurisdiction was invoked properly because the quiet title action was "rooted in the Internal Revenue Code, the correct interpretation of which represents a substantial federal interest." *Id.* at 596.

After granting certiorari in *Grable & Sons*, the Supreme Court affirmed the Sixth Circuit's holding that the quiet title action

4

satisfied the requirements for federal question jurisdiction. *Grable & Sons*, 125 S. Ct. at 2368. In so doing, the Court answered yes to the question of whether the plaintiff's "state-law claim necessarily raise[d] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368.

In addition to citing the *Grable & Sons* decisions to support its argument in opposition to remand, Defendant cites *Sable v. General Motors Corp.*, 90 F.3d 171 (6th Cir. 1996). In *Sable*, the Sixth Circuit found that it had federal question jurisdiction over the plaintiff's trespass case where the plaintiff's land was burdened solely because of federal consent decrees negotiated between the Environmental Protection Agency ("EPA") and the landowner and between the EPA and the defendants. *Id.* at 175. Because the remedy sought by the plaintiff directly conflicted with the federal consent decrees, the court found that the case did arise under federal law.

The Court finds both *Sable* and *Grable & Sons* distinguishable from the facts at hand. In this case, Plaintiff's complaint does not *arise* under federal law. The only reason that federal law will become applicable in this case is because, presumably, Defendant will allege a federal defense. The question as framed in *Sable* was whether the plaintiff's complaint *derived* from federal law; because

5

the plaintiff's complaint arose only because of the federal consent decrees, the court concluded that the complaint did derive from federal law. *Id.* at 174-75. Similarly, in *Grable & Sons*, the plaintiff's case derived from federal law in that it arose only because the plaintiff was not provided proper notice under the federal tax code. *Grable & Sons*, 377 F.3d at 594. Plaintiff's complaint in this case clearly derives from state law. Federal law is only at issue because Defendant plans to raise it in a defense.

Consideration of the three factors outlined by the Sixth Circuit in *Grable & Sons* only reinforces the Court's conclusion. With respect to the first factor, although it is true that Defendant plans on raising a question of federal law, the *Plaintiff* has not asserted a federal right that involves a question of federal law. *See id.* at 595 ("[A] federal question may arise out of a state law case or controversy if the *plaintiff* asserts a federal right that 1) involves a substantial question of federal law." (emphasis added)). With respect to the second consideration, Plaintiff's claim is framed in terms of state law. *Id.* However, with respect to the third consideration, interpretation of federal law is not required, again, with respect to *Plaintiff's* claim. *Id.* The only reason that federal law will be considered is because Defendants will raise it. This, in the Court's view, is not sufficient to establish federal question jurisdiction. *See Roddy*, 395 F.3d at 322.

Certainly, the Court recognizes the benefits of litigating the issues raised in the instant cause of action and the issues raised in *Tritent* in the same forum. However, efficiency considerations weighing in favor of litigating the cases in the same forum does not create jurisdiction where jurisdiction does not otherwise exist. Moreover, nothing will preclude Defendant from filing a motion with the state court to hold the instant cause of action in abeyance pending this Court's resolution of the question of whether the MSA statutes at issue violate federal antitrust laws.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) that Defendant's request for oral argument [Record No. 13] be, and the same hereby is, **DENIED**;

(2) that Plaintiff's motion to remand [Record No. 5] be, and the same hereby is, **GRANTED**; and

(3) that this action be, and the same hereby is, **REMANDED** to **Franklin Circuit Court**.

This the 14th day of September, 2005.



**Signed By:**

*Joseph M. Hood*

**United States District Judge**